

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-19-00008-CR &
06-19-00009-CR

VALERIE LEE STANTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3
Travis County, Texas
Trial Court Nos. C-1-CR-17-500300 & C-1-CR-18-401515

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Valerie Lee Stanton has appealed from convictions for deadly conduct and criminal mischief. The clerk's record in these matters was filed January 4, 2019, and the reporter's record was filed March 25, 2019. The appellant's brief was due June 14, 2019.

Pending before this Court are Stanton's motions for abatement to the trial court. In her motions, Stanton contends that the reporter's record does not contain any portions of the punishment trial for either her conviction for deadly conduct in trial court cause number C-1-CR-17-500300, or her conviction for criminal mischief in trial court cause number C-1-CR-18-401515. Stanton maintains that she has asked the court reporter about the punishment hearing records but has not received a response. In response to this Court's inquiry regarding the missing portions of the record, the court reporter indicated that she does not recall making a record of the punishment hearing for either of Stanton's convictions.

Since Stanton has raised issues regarding the accuracy of the reporter's record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rule 34.6, subsections (e) and (f), of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e), (f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6, subsections (e) and (f), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been provided to them and filed with this Court and (2) identifying and correcting, if possible, any inaccuracies or deficiencies in the reporter's record.

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

2

1.      Precisely what portions of the record Stanton (or any other party) claims are missing and/or what parts of the record Stanton (or any other party) claims are inaccurate;

2.      For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

3.      If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

4.      If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5.      For each error or omission identified in response to No. 1 above, whether any missing exhibit or portion of the reporter's record has been lost or destroyed as contemplated by Rule 34.6(f) of the Texas Rules of Appellate Procedure;

6.      For each exhibit or portion of the reporter's record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

7.      We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's record within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. We withdraw Stanton's current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date: June 24, 2019

4